IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Javier Alomar-Colon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   15 C 6428 |
| | ) | |
| Collector, Inc., a Massachusetts corporation, d/b/a EOS CCA, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Javier Alomar-Colon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Javier Alomar-Colon ("Alomar-Colon"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for a delinquent consumer debt that he allegedly owed for a Verizon account, despite the fact that he had exercised his rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago

Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Collecto, Inc., d/b/a EOS CCA ("EOS"), is a Massachusetts corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. EOS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant EOS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant EOS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendant conducts business in Illinois.

6. Defendant EOs is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Department of Professional Regulation, attached as Exhibit <u>B</u>. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Alomar-Colon is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Verizon account. When EOS began trying to collect this debt from Mr. Alomar-Colon, by sending him a collection letter dated November 4, 2013, he sought the assistance of the legal aid

attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and EOS's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on January 13, 2014, one of Mr. Alomar-Colon's Legal Aid attorneys at LASPD informed EOS, in writing, that Mr. Alomar-Colon was represented by counsel, and directed EOS to cease contacting him, and to cease all further collection activities because Mr. Alomar-Colon was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and the fax confirmation and are attached as Exhibit D.

9. Nonetheless, Defendant EOS sent a collection letter, dated February 2, 2015, directly to Mr. Alomar-Colon, which demanded payment of the Verizon debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on March 31, 2015 one of Mr. Alomar-Colon's LASPD attorneys had to write to Defendant EOS to yet again demand that it cease communications and cease collection of the debt. Copies of this letter and the fax confirmation are attached as Exhibit F.

11. Defendant EOS's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

12. Defendant EOS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Alomar-Colon's, agent/attorney, LASPD, told Defendant EOS to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant EOS violated § 1692c(c) of the FDCPA.

16. Defendant EOS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant EOS knew that Mr. Alomar-Colon was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant EOS to cease directly communicating with him. By directly sending Mr. Alomar-Colon

the February 2, 2015 letter (Exhibit E), despite being advised that he was represented by counsel, Defendant EOS violated § 1692c(a)(2) of the FDCPA.

20.     Defendant EOS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Javier Alomar-Colon, prays that this Court:

1. Find that Defendant EOS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Alomar-Colon, and against Defendant EOS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Javier Alomar-Colon, demands trial by jury.

Javier Alomar-Colon,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  July 23, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5